LOTTINGER, Judge.
This is an appeal by Charlie Morris Lee, a discharged employee of the Louisiana Department of Highways, from a decision of the Louisiana Civil Service Commission upholding his discharge. The appeal was originally taken to the Louisiana Supreme Court, however, it was transferred to this Court under the new laws relative to jurisdiction.
Prior to his discharge, the petitioner was employed by the Department of Highways as the Parish Foreman in charge of the highway maintenance work in connection with the State highways located in the Parish of St. Helena. He had permanent Civil Service status. His letter of discharge reads as follows:
“Mr. Charlie Morris Lee
Greensburg, Louisiana
“RE: DISCHARGE
“Dear Mr. Lee:
“Your employment with the Department of Highways of the State of Louisiana as a Highway Maintenance Superintendent I (Parish Foreman) is terminated effective October 15, 1958, because of your misbehavior in connection with Highway Department owned bridge materials.
*38 “An investigation made by the Department revealed that on October 1 and on October 9, 1958, you and your son, Truman Lee, were in possession of a substantial amount of bridge materials recovered by the Department of Highways in the course of repairs to bridges on State Highways in St. Helena Parish, which materials were stored on property belonging to you and to your son, Truman Lee, in St. Helena Parish, and a portion of which materials had been used by you as fence posts and for the construction of sheds and a cattle loading chute. Some of the material had been stockpiled by you, apparently for future use on your property.
“You are, of course, aware that this material belongs to the Department of Highways and that you had no authority to use it or to take it to your property. It is our conclusion that you willfully took this material and converted it to your own use and assisted your son, Truman Lee, in taking other bridge material and converting it to his use.
“We are further informed that you are personally aware that some of the recovered bridge material had been carried off and used by private individuals and that you made no attempt to prevent nor to report the fact of the removal to your superiors, although it was your duty to do so in your capacity as Parish Foreman. Further, in the course of the investigation made by the Department of Highways, on October 1 and October 9, 1958, you gave to the Department’s investigator false statements and attempted to mislead and to hamper the Department in its investigation %f your activities and its attempt to recover the bridge material removed by you and by others, some of which was found to be in your possession.
“An estimate is being made of the amount of material which you have improperly obtained and converted to your own use, for which you will be expected to reimburse the Department. You should receive this estimate in a few days.
“Should you desire further information concerning the Department’s charges against you and the reason for your discharge, I will be glad to elaborate upon receiving written request from you.
“Yours very truly,
s/ R. T. Brooks
R. T. BROOKS
District Engineer”
Subsequent to receipt of the letter of discharge, the petitioner herein appealed for a review by the Louisiana Civil Service Commission under the provisions of Article 14, Section 15, of the Louisiana Constitution, L.S.A. After hearing before the Commission, the discharge was upheld, and the matter is now on appeal to this Court.
The evidence discloses that the discharge of petitioner resulted from his taking certain material which had been salvaged by the Louisiana Highway Department from two bridges in the Parish of St. Helena. Although the record is not clear, it appears that this salvaged material was either to be retained by the Louisiana Highway Department for use in future repairs to bridges, or it was to be turned over to the Police Jury of St. Helena Parish to be used in the repair of bridges on Parish roads. Some three truck loads of the said material was discovered on the premises owned by the petitioner or his son, William Truman Lee. As a further cause for his discharge, was the fact that petitioner failed to co-operate in the investigation of the charges against him.
The investigation was commenced by the State Representative of St. Helena Parish, Shelby Alford, who requested of the Director of Highways of the State of Louisiana that an investigation be made of petitioner as he had received information that materials belonging to the Plighway Department had been taken by petitioner and was presently stored on his property. The director of the Department of Highways referred Alford to the General Counsel of the De *39 partment, and an investigation of the matter was ordered.
Mr. Chester Martin, an attorney for the Highway Department, made the investigation, and materials were found to be located on property either belonging to petitioner or his son. The main disputes relative to the material was first, as to whether the material taken by petitioner, or his son, belonged to the Department of Highways or to the Police Jury, and secondly, as to whether the taking was by the petitioner or his son. In any event, the Civil Service Commission found that the taking was by petitioner, and that the material taken did belong to the Highway Department.
Article 14, Section IS, Subsection N(l) of the Louisiana Constitution places the burden of proof on the employee. From a reading of the record before us, it appears that the employee did not sustain his burden of proof, as a matter of fact, the evidence preponderates to the effect, that the material was taken by the petitioner, and/or his son, and, furthermore, that the material was then the property of the Louisiana Highway Department. Even if the evidence showed that the taking was by the son instead of petitioner, we are convinced that the petitioner knew and aided in the taking, which would certainly be just cause for his dismissal. The Constitution, at Article 14, Section IS, Subsection 0(1), states that the decision of the Civil Service Commission shall be final on the facts, and any appeal from said decision shall be only as to any question of law. We feel, therefore, that the decision, as to facts, made by the Commission, are not reviewable by this Court, where there is some evidence to substantiate their findings.
On this appeal petitioner further alleges procedural error, in that certain subpoenas requested by him, were not issued by the Commission. Civil Service Rule '13.21, Sub-Paragraph (e) provides that no subpoena for the appearance of any witness shall be issued unless the authorized person to whom the application is presented is satisfied that the testimony of the witness is necessary to the issue before the Commission. Petitioner applied for the subpoena of some 30 odd witnesses, and, according to his application, the testimony to be adduced from many of these witnesses would be a duplication. Under the exercise of its discretion, the Commission did subpoena the witnesses it deemed necessary to petitioner’s case, and, as a matter of fact, the record is extremely bulky because of duplication of testimony by the various witnesses on the part of petitioner. On this score, the record indicates that the Commission gave petitioner every opportunity to prove his claims, and certainly the addition of other witnesses, merely for the purposes of corroboration, would not have helped petitioner in the least.
Appellant’s contention that the Commission in declining to issue subpoenas duces tecum for books, records and documents of the Department of Highways was arbitrary is without merit for the reason that under the rules of the Commission application for such subpoenas should be made at least five days prior to hearing. The record herein discloses that the application on behalf of appellant was made two days prior to the hearing date and therefore was not timely filed.
The failure of the Commission to summon all witnesses requested by appellant is, under the circumstances of this case, of no importance. The record reveals that pursuant to appellant’s application for subpoenas, numerous witnesses were summoned resulting in the compilation of a most voluminous record. Appellant’s application for such summons shows that the testimony sought to be elicited from the prospective witnesses listed therein would,' in many instances, be duplicated and corroborated. All of the witnesses which the Commission felt would be necessary to *40 establish appellant’s several positions were in fact summoned as requested and did in fact testify before the Commission.
While the Commission may not arbitrarily refuse to summon witnesses deemed vital to the employees’ cause and such action as would deny an employee a right to establish a material defense or position would, of course,, constitute .reversible error on the part of the Commission. Such, however, is not the case in the matter before us since the burden of proof in this regard rests upon the employee and the appellant herein has failed to offer proof that he was denied the testimony of a witness to prove any material element of his defense. That he may have been denied the testimony of a witness whom he sought to call purely for the purpose of corroborating other witnesses does not in our opinion constitute prejudice.
Despite appellant’s claim to the contrary, no attempt was made by him to show how or in what manner he was denied an opportunity to prove any essential element of his defense.
As to the rule of the Commission relative to the issuance of subpoenas, Article 14, Section IS, Subsection I grants the Commission the authority and power to adopt rules which shall have the effect of law. These rules may relate to the procedure of appeals, the time in which appeals must be taken, as well as all other matters pertaining to appeals. We do not feel that the Commission was arbitrary in refusing to subpoena all the witnesses requested by petitioner, and the petitioner has failed to show that these witnesses would have been any benefit to him whatsoever.
The final error alleged by petitioner is to the effect that he was not discharged because of cause, but for political reasons. The evidence does not reflect that there were any political implications in the discharge of petitioner by the Louisiana Highway Department. Although there is testimony to the effect that petitioner and Representative Alford were political enemies, and this may have been a reason which motivated Representative Alford to ask for the investigation of the activities of petitioner with reference to taking materials which belonged to the Highway Department, any political implications ended at this stage. The investigation conducted by the Highway Department was fair toward petitioner in all respects, and the facts disclosed that he was fired because of cause. The officials of the Highway Department had no further dealings with Representative Alford, or any other public official, after the commencement of the investigation, and the record disclosed that Representative Alford had no knowledge of the findings of the Department until after petitioner had received the letter of discharge. Although the transcript is filled with testimony relative to the political feelings of petitioner, Representative Alford, and other witnesses who testified, the Department was strictly above politics in its investigation and the subsequent discharge of petitioner.
In conclusion, we might add that the Civil Service Commission leaned over backwards in an attempt to grant petitioner every opportunity to place into the record evidence which would tend to show that his discharge was without cause. This is shown by the great amount of repetitious matter which is contained in the transcript, and which was submitted by petitioner, as well as many slanderous and misleading statements which were made by various witnesses testifying on behalf of petitioner. Petitioner attempted, by all means, to bring politics into the .reason for his discharge, and further attempted to show that other parties, some of whom were witnesses on both sides, had illegally taken material belonging to the Highway Department. It may be that other individuals had taken, or misappropriated, materials belonging to the Highway Department, however, such would not absolve the petitioner. This would be a question for *41 further investigation by the Highway Department of the State of Louisiana.
We, therefore, are unable to find any error in the decision of the Civil Service Commission, and, for the reasons herein-above assigned, the decision of the Commission will be affirmed, all costs to be paid by petitioner.
Judgment affirmed.